**UNITED STATES of America, Plaintiff,**

v.

**Louis SERAFINI, et al., Defendants.**

**CITY OF SCRANTON, PENNSYLVANIA, Defendant and Third–Party Plaintiff,**

v.

**LACKAWANNA REFUSE REMOVAL, INC., et al., Third–Party Defendants.**

**No. 3:CV–86–1591.**

United States District Court, M.D. Pennsylvania.

July 11, 1990.

Amil M. Minora, Scranton, Pa., Steven J. Engelmyer, Carl Oxholm, III, Beth Ola-

noff, Philadelphia, Pa., for third-party plaintiff City of Scranton.

Jennifer Berke, Philadelphia, Pa., for third-party defendant Capitol Records, Inc.

## MEMORANDUM

McCLURE, District Judge.

This matter is before the court for consideration of a motion to dismiss, or in the alternative for summary judgment made by third-party defendant Capitol Records, Inc. and a cross-motion for summary judgment made by third-party plaintiff City of Scranton. The City of Scranton is seeking indemnity and/or contribution from Capitol Records, Inc.

In 1983 the Environmental Protection Agency (EPA) instituted an Immediate Removal Action at the Taylor Borough Landfill Site. The City of Scranton had operated the landfill for a period of time. The City of Scranton has had judgment entered against it for response costs incurred by the federal government in connection with the removal and remedial activities at the Taylor Borough Landfill.

Capitol Records, Inc. moved for summary judgment on March 22, 1990. Capitol Records failed to file a statement of material facts in accordance with Local Rule 401.-5. This error has been cured and this court will proceed to address Capitol's motion. There is also before the court a cross-motion for summary judgment by the City of Scranton.

These motions relate to the third-party complaint filed by the City of Scranton. The City asserts that Capitol Records, Inc. is one of the parties responsible for the presence of hazardous substances at the Taylor Borough Landfill and should be liable for the costs of the clean-up pursuant to § 107 of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). 42 U.S.C. § 9607.

CERCLA provides in § 107 that the owners or operators of facilities, those persons who dispose of hazardous substances at facilities, those persons who arrange for disposal of hazardous substances at facilities, and those who transport hazardous

substances to facilities shall be liable for the response costs incurred at such facility. 42 U.S.C. § 9607(a). The City of Scranton asserts that Capitol Records arranged for the disposal of hazardous substances at the Taylor Borough Site.

The term "hazardous substance" is defined in CERCLA § 101(14). 42 U.S.C. § 9601(14).

> (14) "hazardous substance" means (A) any substance designated pursuant to section 1321(b)(2)(A) of Title 33, (B) any element, compound, mixture, solution, or substance designated pursuant to section 9602 of this title, (C) any hazardous waste having the characteristics identified under or listed pursuant to section 3001 of the Solid Waste Disposal Act (but not including any waste the regulation of which has been suspended by Congress), (D) any toxic pollutant listed under section 1317(a) of Title 33, (E) any hazardous air pollutant listed under section 112 of the Clean Air Act, and (F) any imminently hazardous chemical substance or mixture with respect to which the Administrator has taken action pursuant to section 2606 of Title 15. The term does not include petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of this paragraph, and the term does not include natural gas, natural gas liquid, liquefied natural gas, or synthetic gas usable for fuel (or mixtures of natural gas and such synthetic gas);

42 U.S.C. § 9601(14). This definition incorporates a number of lists of hazardous substances and allows the EPA to add additional substances to the list in accordance with 42 U.S.C. § 9602.

The affidavit of Anthony Bouselli which the City of Scranton submitted in support of its cross-motion for summary judgment indicates that Capitol Records arranged for the disposal of the scrap from its manufacturing operation at the Taylor Borough site. The scrap in question is an inert solid made by heating and mixing virgin polyvinyl chloride resin, carbon black, and a sta-

bilizer. This material is not on the federal government's list of hazardous substances.

The City of Scranton argues that while this substance is not on the list of hazardous substances, when polyvinyl chloride is burned it releases benzene and hydrogen chloride; these substances are on the § 101(14) list. *See* 40 C.F.R. § 302.4. The presence of benzene was one of the reasons the EPA initiated the removal action at the Taylor Borough Site. The City argues that because Capitol Records knew or should have known that fires were common at dumps in the 1960's and 1970's, disposing of this scrap at the Taylor Borough Site was tantamount to disposal of benzene and hydrogen chloride.

Capitol Records argues that the statutory threshold required to hold Capitol Records liable has not been met. This threshold is the disposal of a listed hazardous substance at the site. In *United States v. Wade*, 577 F.Supp. 1326 (E.D.Pa. 1983), the United States District Court for the Eastern District of Pennsylvania set forth the elements of a *prima facie* case against a generator.

> Stripping away the excess language, the statute appears to impose liability on a generator who has (1) disposed of its hazardous substances (2) at a facility which now contains hazardous substances of the sort disposed of by the generator (3) if there is a release of that or some other type of hazardous substance (4) which causes the incurrence of response costs.

*Id.* at 1333. Capitol Records asserts that it did not dispose of a "hazardous substance" and therefore is entitled to summary judgment.

The City of Scranton argues that one of the remedial purposes of CERCLA is to have the party responsible for the presence of hazardous substances at a site pay for the cleanup. In its brief the City cites numerous cases for the proposition that CERCLA is to be interpreted to effectuate its remedial purpose.

The City would have this court stretch the statute to encompass Capitol within the sphere of persons liable for the cleanup at

the Taylor Borough Site. The City of Scranton argues that it thwarts the intention of Congress not to hold a generator liable for cleanup costs merely because it took a fire to cause the release of those hazardous substances.

The issue is, therefore, whether Congress intended that generators of waste which when burned releases hazardous substances be liable under § 107 as if the generator had disposed of the hazardous substances. In light of the statutory scheme created by CERCLA, this court concludes that Congress intended that EPA determine whether liability should attach to the disposal of a substance on a substance by substance basis. The definition of "hazardous substance" and § 102 (42 U.S.C. § 9602) allow EPA to determine what substances pose a sufficient danger to the public to be included on the hazardous substance list.

The substance involved in this dispute is an excellent example of the wisdom of this approach. Capitol Records has submitted the affidavit of an expert chemist explaining the properties of the polyvinyl chloride material is self-extinguishing and only releases benzene when burned under special conditions. It is unlikely that benzene would be released by burning because benzene is highly inflammable and if the conditions were such that the self-extinguishing polyvinyl chloride material was burning, the same fire would consume the benzene. *See* Affidavit of Csabar Hunyar. Record Document No. 18. Exhibit A. EPA could decide that polyvinyl chloride resin and substances made with it are sufficiently dangerous to include it on the hazardous substances list. It is undisputed that EPA has not chosen to do so.

The expansion of the definition of hazardous substance to include all materials which when burned release listed hazardous substances is a matter for the consideration of Congress. Rather than including all such substances on the list, Congress has allowed EPA to consider the potential danger to the public health, welfare, and the environment. 42 U.S.C. § 9602. Such factors as the likelihood that the substance will burn, the likelihood that hazardous materials will be released in the event the substance burns, and the amount of hazardous material that is likely to escape into the environment in the event of a fire may all play a role in EPA's decision as to whether a substance belongs on the hazardous substance list.

This court will therefore grant the summary judgment motion made by Capitol Records, Inc. and deny the cross-motion made by the City of Scranton.